IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gabriel Randolph #248729, | C. A. No. 2:06-3432-MBS-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Richard Bazzle, Warden; C. Buchler Law Library Supervisor of Perry Corr. Inst. "PCI"; South Carolina Department of Corrections "SCDC" and SCDC General Counsel, each individual capacity, | |
| Defendants. | |

This civil rights action, brought originally in state court by a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983[1], is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgement. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

The plaintiff, Gabriel Randolph, filed this action in the Court of Common Pleas for Greenville County against Richard Bazzle, Warden, Perry Correctional Institution (PCI), C. Buehler, Law Library supervisor of PCI, and the South Carolina Department of Corrections' General Counsel. He alleged that his constitutional right to access to the courts was being denied because the PCI law library's materials are inadequate and the prison employee assigned to the law library is untrained in the law, and that he has otherwise been denied access to the courts. He seeks injunctive relief and damages.

The defendants answered the complaint and moved for summary judgment on February 12, 2007. On February 14, 2007, the plaintiff was provided a copy of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed two responses to the motion on March 16, 2007, and the defendants filed a reply on March 27, 2007. Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed. R. Civ. P. 56(c). To avoid summary judgment on a defendant's motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, at 255, 106 S.Ct. at 2513-14.

**DISCUSSION**

A review of the record and relevant case law indicates that the defendants' motion should be granted.

Generally, states must affirmatively provide prisoners with either law libraries or persons trained in law to prosecute both post-conviction proceedings and civil rights actions. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Carter

3

v. Mandel, 573 F.2d 172 (4th Cir. 1978). However, meaningful access to the courts is the touchstone. Bounds did not create an abstract, free-standing right to a law library or legal assistance. The right to access underlying Bounds is narrow:

> In other words, [Bounds v. Smith, 430 U.S. 817 (1977)] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip and fall claims. The tools it requires to be provided are those inmates need in order to attack sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343 at 355, 116 S.Ct. 2174 (1996). Further, Bounds does not require that the state enable the prisoner to discover grievances or to litigate effectively in court. Id.

The critical issue that must be analyzed to resolve the claims in this case is whether or not the plaintiff has been denied meaningful access to courts and is able to show actual injury as a result of the denial alleged. Here, the plaintiff argued that he has five pro se cases in the state and federal courts presently "and a pro se must have access to the court". Further, "Perry Correctional Institution law library inadequate Plaintiff do not have fair chance to litigate." (Pl. first opposition to summary judgment motion, pg. 10).

4

That is simply not enough to survive summary judgment. Actual injury must be more than theoretical deficiencies; it is showing with specificity that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. Plaintiff's own conclusory allegations are woefully insufficient, and the defendants are entitled to judgment as a matter of law.

As an alternate ground for decision, it appears that Defendants may not be sued for damages in their official capacities since that is equivalent to a claim against the state and they are not "persons" amenable to suit within the meaning of 42 U.S.C. § 1983. See, Will v. Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

## CONCLUSION

Accordingly, Plaintiff, as the party opposing summary judgment, has failed to point to facts evidencing a genuine material issue for trial. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). Summary judgment should be granted, and all other outstanding motions should be considered moot.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
May 7, 2007

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).